868 So.2d 88 (2003)
Tony CHAMBLEE
v.
Richard STALDER, Secretary, Louisiana Department of Public Safety and Corrections and Warden Kelly Ward.
No. 2003 CA 0061.
Court of Appeal of Louisiana, First Circuit.
November 7, 2003.
*89 Tony Chamblee, D.W.C.C., Homer, Counsel for Plaintiff/Appellee Tony Chamblee.
William Kline, Robert B. Barbor, Baton Rouge, Counsel for Defendants/Appellants Richard Stalder, et al.
Before: PETTIGREW, DOWNING, McCLENDON, JJ.
MCCLENDON, J.
The sole issue raised on appeal in this inmate suit is whether LSA-R.S. 15:571.4 B(1) includes escapes from a work-release facility by an inmate in the custody of the Department of Public Safety and Corrections (DPSC). Finding it does not, we affirm the judgment of the district court.
On July 26, 2001, Tony Chamblee, an inmate in the custody of the DPSC, was housed at City of Faith, a DPSC work-release facility. At 6:30 p.m. that day, Chamblee signed out of City of Faith, stating that he was going to work for Mr. Roberts at an off-site job. Chamblee telephoned a former employer or person who resides with a former employer, Ms. Block, to pick him up and take him to the Roberts job-site. At 7:05 p.m. and 7:20 p.m., an employee of City of Faith conducted job-verifications on Chamblee by calling Mr. Roberts, who confirmed each time that Chamblee was working and could not come to the phone. At approximately 7:35 p.m., Chamblee telephoned City of Faith and reported that he was at Ms. Block's residence and not at the Roberts job-site.[1] City of Faith did not authorize Chamblee to secure transportation by Ms. Block or to go to Ms. Block's residence, nor did City of Faith know of Chamblee's whereabouts until he contacted them at 7:35 p.m. Shortly thereafter, City of Faith contacted Hunt Correctional Center and reported Chamblee as an escapee. Chamblee was returned to Hunt Correctional Center.
At a disciplinary hearing held on August 8, 2001, the disciplinary board found Chamblee guilty of escape, a violation of Rule 8 of the Disciplinary Rules and Procedures for Adult Inmates. The disciplinary board assessed a forfeiture of 180 days of earned good time at that hearing and referred Chamblee to a Special Forfeiture Court in accordance with LSA-R.S. 15:571.4 and Department Regulation B-04-005. The Special Forfeiture Court imposed an additional penalty of forfeiture of all additional good time earned prior to the escape.
Chamblee filed a petition for judicial review of the loss of all good time earned prior to the escape. After hearing the matter, the Commissioner for the Nineteenth Judicial District Court recommended that the verdict of guilty be upheld, but that the loss of good time in excess of 180 days be reversed. This recommendation was based on a determination that there was no evidence in the administrative record to support a finding that the City of Faith, a work-release facility, *90 was a correctional facility or that Chamblee escaped from the custody of a law enforcement officer or correctional officer. The district court rendered judgment in accordance with the recommendation of the Commissioner, affirming the loss of 180 days of good time pursuant to Rule 8 of the Disciplinary Rules and Procedure and reversing the imposition of the loss of good time in excess of 180 days pursuant to LSA-R.S. 15:571.4 B(1).
From this judgment, DPSC appeals, asserting that the intent of the legislature in promulgating LSA-R.S. 15:571.4 B(1) dictates a broader reading than the actual terms of the statute. We reject this analysis as it does not comport with the rules of strict construction.
Louisiana Revised Statutes 15:571.4 B(1) provides, in pertinent part, as follows:
An inmate who is sentenced to the custody of the Department of Public Safety and Corrections and who commits a simple or aggravated escape from any correctional facility or from the lawful custody of any law enforcement officer or officer of the department may forfeit all good time earned on that portion of his sentence served prior to his escape.
It is well-settled that the meaning of a law must first be sought in the language employed. If that is plain, it is the duty of the courts to enforce the law as written. David v. Our Lady of the Lake Hosp., Inc., 02-2675, p. 11 (La.7/2/03), 849 So.2d 38, 46. Thus, interpretation of any statute begins with the language of the statute itself. SWAT 24 Shreveport Bossier, Inc. v. Bond, XXXX-XXXX, p. 12 (La.6/29/01), 808 So.2d 294, 302. When the wording of a revised statutes is clear and unambiguous, "the letter of it shall not be disregarded under the pretext of pursuing its spirit." LSA-R.S. 1:4. Rather, the law must be applied as written, and no further interpretation can be made in search of the intent of the legislature. Elevating Boats, Inc. v. St. Bernard Parish, XXXX-XXXX, p. 18 (La.9/5/01), 795 So.2d 1153, 1166.
In the instant case, LSA-R.S. 15:571.4 B(1) is clear and unambiguous; therefore, it must be applied as written. On its face, that statutory provision provides for the forfeiture of all good time earned on that portion of the sentence served prior to an escape from "any correctional facility or from the lawful custody of any law enforcement officer or officer of the department." It is undisputed that Chamblee was at a work-release facility at the time of his escape and not at a correctional facility or in the custody of a law enforcement officer or officer of DPSC. Therefore, LSA-R.S. 15:571.4 B(1) does not provide for the loss of good time by Chamblee, and DPSC erred in applying this provision to Chamblee.[2]
For the foregoing reasons, the judgment of the trial court is affirmed. Costs in the sum of $250.90 are assessed to the Department of Public Safety and Corrections.
AFFIRMED.
DOWNING, J., concurs and assigns reasons.
DOWNING J., Concurs and Assigns Reasons.
Courts should not legislate in the guise of interpretation. The legislature should amend the statute not the court.
NOTES
[1] Chamblee testified, in part, that Ms. Block did not take him to directly to the job-site because she had to stop at her home to check on her children.
[2] Clearly, Rule 8 of the Disciplinary Rules and Procedures for Adult Inmates provides a method of disciplining an inmate who escapes from a work-release facility. The trial court affirmed the loss of 180 days of good time by Chamblee under that provision. Therefore, Chamblee is not going unpunished for his act of escape.