STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

CA 04-1331

JUDITH TAGGERT, ET AL.

VERSUS

OUR LADY QUEEN OF HEAVEN CATHOLIC CHURCH, ET AL.

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 03-3830
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

AFFIRMED.

John Franklin McKay
McKay Law Firm
7465 Exchange Place
Baton Rouge, LA 70806
(225) 924-3641
Counsel for: Plaintiffs/Appellants
    Judith Taggert
    Frances Tollenger
    Gloria Dowiak
    Margaret Lognion
    Julie Parker, Indiv.
    Michael Hamilton

**Frederick L. Cappel**
**Raggio, Cappel, Chozen & Berniard**
**1011 Lakeshore Dr., Suite 500**
**Lake Charles, LA 70601**
**(337) 436-9481**
**Counsel for Defendants/Appellees**
**Catholic Mutual Group**
**Our Lady Queen of Heaven CatholicChurch**
**Roman Catholic Church Diocese ofLake Charles**

PER CURIAM.

The trial court granted summary judgment finding that the claims of the plaintiffs had prescribed against the owners of a cemetery housing the remains of the plaintiffs' loved ones after those remains were disturbed or stolen. Louisiana Revised Statute 8:658 provides that "[n]o action shall lie against any cemetery authority relating to the remains of any person which have been left in its possession for a period of one year, unless a written contract has been entered into with the cemetery authority for the care of such remains."

> When the wording of a revised [statute] is clear and unambiguous, "the letter of it shall not be disregarded under the pretext of pursuing its spirit." LSA-R.S. 1:4. Rather, the law must be applied as written, and no further interpretation can be made in search of the intent of the legislature. *Elevating Boats, Inc. v. St. Bernard Parish*, 2000-3518, p. 18 (La.9/5/01), 795 So.2d 1153, 1166.

*Chamblee v. Stalder*, 03-61, p. 4 (La.App. 1 Cir. 11/7/03), 868 So.2d 88, 90.

The plaintiffs' action will lie against defendant owners for damages caused to their loved ones' remains only if the written contracts between them provide for the care of the remains. In the absence of such, the plaintiffs had one year from the date of the internments to file suit. Since the plaintiffs' suit was filed more than one year from the dates of the respective internments and no provision exists in their contracts providing that the cemetery would care for the remains interred, we find that summary judgment was properly granted. Accordingly, the judgment of the trial court is affirmed.

**AFFIRMED.**