893 So.2d 1001 (2005)
Judith TAGGERT, et al.
v.
OUR LADY QUEEN OF HEAVEN CATHOLIC CHURCH, et al.
No. CA 04-1331.
Court of Appeal of Louisiana, Third Circuit.
February 2, 2005.
John Franklin McKay, McKay Law Firm, Baton Rouge, LA, for Plaintiffs/Appellants, Judith Taggert, Frances Tollenger, Gloria Dowiak, Margaret Lognion, Julie Parker, Indiv., Michael Hamilton.
Frederick L. Cappel, Raggio, Cappel, Chozen & Berniard, Lake Charles, LA, for Defendants/Appellees, Catholic Mutual Group, Our Lady Queen of Heaven Catholic Church, Roman Catholic Church Diocese of Lake Charles.
Court composed of OSWALD A. DECUIR, GLENN B. GREMILLION, and ELIZABETH A. PICKETT, Judges.
PER CURIAM.
The trial court granted summary judgment finding that the claims of the plaintiffs had prescribed against the owners of a cemetery housing the remains of the plaintiffs' loved ones after those remains were disturbed or stolen. Louisiana Revised Statute 8:658 provides that "[n]o action shall lie against any cemetery authority relating to the remains of any person which have been left in its possession for a period of one year, unless a written contract has been entered into with the cemetery authority for the care of such remains."
When the wording of a revised [statute] is clear and unambiguous, "the letter of it shall not be disregarded under the pretext of pursuing its spirit." LSA-R.S. 1:4. Rather, the law must be applied as written, and no further interpretation can be made in search of the intent of the legislature. Elevating Boats, Inc. v. St. Bernard Parish, XXXX-XXXX, p. 18 (La.9/5/01), 795 So.2d 1153, 1166.
Chamblee v. Stalder, 03-61, p. 4 (La.App. 1 Cir. 11/7/03), 868 So.2d 88, 90.
The plaintiffs' action will lie against defendant owners for damages caused to their loved ones' remains only if the written contracts between them provide for the care of the remains. In the absence of *1002 such, the plaintiffs had one year from the date of the internments to file suit. Since the plaintiffs' suit was filed more than one year from the dates of the respective internments and no provision exists in their contracts providing that the cemetery would care for the remains interred, we find that summary judgment was properly granted. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.